POLEN, Judge.
Oral argument was had in this matter on February 13, 1990. Prior to the issuance of this court’s opinion, we were presented a series of motions and letter requests from the parties, requesting that we defer issuance of an opinion pending settlement negotiations. We acceded to the parties’ requests.
Then on September 10, 1990, we received from appellee Fox Trail Property Owners Association, Inc., the following pleading:
CONCESSION OF ERROR
The Appellee, FOX TRAIL PROPERTY OWNERS ASSOCIATION, INC., by and through its undersigned attorneys, states as follows:
1. Subsequent to oral argument in this cause, Appellee has further reviewed the final judgment entered below. Ap-pellee is concerned that the final judgment, if affirmed, will result in undesirable consequences to Appellee and its membership.
2. Accordingly, Appellee wishes to concede error in the final judgment as particularly set forth herein.
3. Appellee as Plaintiff brought suit to enforce its Declaration of Covenants. The final judgment however is predicated upon an encorachment (sic) of easement claim not raised by Appellee’s pleadings below. Appellee concedes that the final judgment should not have been entered on the basis of an easement claim.
4. Appellee concedes that the trial court erred in determining that the scope of the use of the easement as a bridal (sic) path necessarily extended over the entire easement as opposed to an area designated and maintained by the Appel-lee. In this regard, Appellee agrees with Appellants that the provision for use of the easement was not so definite or clear as to preclude resort to extrinsic evidence to determine the intent of the grant.
5. Appellee concedes that the initiation of the lawsuit below was not the sole cause for the completion of Appellants’ home.
WHEREFORE, Appellee advises the Court that it recedes from its previous position regarding the above matters and concedes error.
(Emphasis in original.) Based on appellee’s “concession of error,” we reverse the final judgment entered herein and remand the cause to the trial court for such proceedings as the court and the parties may deem appropriate.
STONE and WARNER, JJ., concur.